IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEFFREY L. SMITH                                                                           PLAINTIFF

V.                                  CASE NO. 3:17-CV-03113

SHERIFF JOHN MONTGOMERY,
Baxter County, Arkansas;
JAILER TONY BECK; and
JAILER GARY KOCHA                                                                      DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Jeffrey L. Smith, under the provisions of 42 U.S.C. § 1983. Plaintiff also asserts a claim under the Americans with Disabilities Act ("ADA"). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). He is currently incarcerated in the Grimes Unit of the Arkansas Department of Correction ("ADC").

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 13), Plaintiff was being held at the Baxter County Detention Center ("BCDC") on a parole violation pending transfer to the ADC. Plaintiff was held at the BCDC from August 5, 2017, until September 20, 2017.

While at the BCDC, Plaintiff contends his constitutional rights were violated in the following ways:

(1) He was not provided with "balanced nutritional meals sufficient in quantity, quality, nutritionally to prevent healthy and safe continuance of life"; and, as to the custom or policy supporting an official capacity claim, Plaintiff alleges "failure to properly supervise daily operations" of the facility. *Id.* at 4-5.

(2) Defendants failed to dispense medication in accordance with prescribed amounts and times; and, as to the custom or policy supporting an official capacity claim, Plaintiff alleges "failure to properly dispense medications as required by the bottle it was in. An[d] as prescribed by plaintiff's Primary Care Physician." *Id.* at 5-6.

(3) Defendants failed to upgrade all areas of the facility "so as to bring [it] into compliance with [the ADA]. . . . Failure to attach assist bars for handicapped in showers and other required areas." *Id.* at 6-7.

With respect to his medication, Plaintiff has attached a jail request form addressed to the attention of Lieutenant Lewis stating his blood pressure medication dosage had been changed from twice a day to once a day. He stated this could result in heart failure or stroke. In response, he was told the request would be forwarded to the nurse. *Id.* at 8.

Plaintiff sues the Defendants in both their individual and official capacities. As relief, Plaintiff seeks compensatory and punitive damages. He also requests an order directing "Defendants to bring their facilities into compliance with Title II of the [ADA] and barring retaliation against Plaintiff." *Id.* at 7.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### A. Section 1983 Claims

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

In this case, Plaintiff makes a number of broad allegations. First, he vaguely alleges he was not provided with "balanced nutritional meals sufficient in quantity, quality, nutritionally to prevent healthy and safe continuance of life." He alleges no other facts in support. He does not state how the meals were nutritionally inadequate; how the meals were insufficient in quantity or quality; how his health was affected – or even if it was affected; nor does he allege that he lost weight, muscle mass, or became sick. Plaintiff contends the Defendants failed to properly supervise daily operations of the facility; but, once again, he makes no factual allegations at all.

Second, Plaintiff alleges the Defendants did not properly dispense his medications

as prescribed by his primary physician. On this claim, Plaintiff does attach a request he submitted about his medication. The request was referred to medical personnel. Plaintiff has not alleged the named Defendants took any action with respect to his medical care other than referring his request to the nurse. As a matter of law, the mere action of referring a medical issue to trained medical personnel does not constitute deliberate indifference to his medical care. *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012) (Eighth Amendment deliberate indifference standard applies to all medical care claims); *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (merely receiving letters from an inmate and referring those letters to others does not constitute involvement for purposes of § 1983); *Perrey v. Donahue*, 703 F. Supp. 2d 839 (N.D. Ind. 2010) (prisoner officials were not personally involved in alleged constitutional deprivation where they merely referred the issue to proper staff and made no individual treatment decisions for prisoner).

Further, with respect to Sheriff Montgomery, there is no respondeat superior liability under § 1983. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Instead, "[t]o establish personal liability of the [Sheriff, the Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

Plaintiff fails to allege any facts attributing the alleged unconstitutional conduct to the named Defendants in all of his § 1983 claims. Liability under § 1983 requires personal or direct involvement in the alleged constitutional violation. *Clemmons*, 477 F.3d at 967 ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights"); *see also Ripson v. Alles*, 21 F.3d 805, 808-09 (8th Cir. 1994)

(personal or direct involvement required).

Plaintiff's official capacity claims are the equivalent of claims against Baxter County. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-811 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged the existence of any custom or policy of Baxter County that was a moving force behind the alleged constitutional violations.

Plaintiff has already been directed to file an Amended Complaint because of the lack of factual allegations in the original Complaint. *See* Doc. 12. He was told he must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and, (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff was told to repeat this process for each person he had named as a Defendant. Despite this, Plaintiff's Amended Complaint fails to state any plausible § 1983 claims.

### B. ADA Claim

Plaintiff also asserts a claim under Title II of the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The United States Supreme Court has held that Title II, which prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability, includes inmates in detention facilities. *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998).

To state a prima facie case under the ADA, a plaintiff must show: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he did not receive this benefit due to discrimination based upon his disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999) (citing 42 U.S.C. § 12101 *et seq.*).

Plaintiff has not alleged any facts to demonstrate that he is a disabled person as defined by the ADA. Moreover, Plaintiff has failed to plead any facts to support a finding that he was discriminated against based on any disability by named Defendants in either their personal or official capacities. Therefore, Plaintiff has failed to state a claim under the ADA.

## III. CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE**, as all claims asserted are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (ii) (in forma pauperis action may be dismissed on such grounds at any time).

The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to place a strike flag on the case.

**IT IS SO ORDERED** on this 27th day of February, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE